1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   GEORGE GARCIA,                    )   Case No.: 1:13-cv-01389  JLT (PC)
                                       )
12              Plaintiff,             )   **ORDER DISMISSING COMPLAINT WITH**
                                       )   **LEVE TO AMEND**
13        v.                           )
                                       )   (Doc. 1)
14   G. MARTINEZ,                      )
                                       )
15              Defendants.            )
                                       )
16   _____  )

17        Plaintiff George Garcia ("Plaintiff") is a state prisoner proceeding *pro se* in a prisoner civil

18   rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  Plaintiff filed his complaint on August 30, 2013,

19   in which he names G. Martinez and Dr. Scharffenberg, as defendants.  As required by 28 U.S.C. §

20   1915A, the Court presently screens the complaint and, for the following reasons, **ORDERS** that the

21   complaint is **DISMISSED**.

22   **I.      SCREENING REQUIREMENT**

23        Because Plaintiff seeks redress from governmental employees in a civil action, the Court is

24   required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b).  The

25   Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

26   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from

27   a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-

28   (iii).

                                          1

1    **II.    PLEADING STANDARDS**

2         **A.    Fed. R. Civ. P. 8(a)**

3         "Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards

4    than formal pleadings drafted by lawyers.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (*quoting*

5    <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a

6    claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim

7    which would entitle him to relief.'" <u>Id</u>.  Under Federal Rule of Civil Procedure 8(a), "[a] pleading that

8    states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's

9    jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to

10   relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  Each allegation must be simple,

11   concise, and direct. Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual

12   allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more

13   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

14   do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations

15   omitted).

16        In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-

17   conclusory factual allegations as true, and determines whether those non-conclusory factual

18   allegations accepted as true state a claim for relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556

19   U.S. 662, 676-684 (2009).  "The plausibility standard is not akin to a probability requirement, but it

20   asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. at 678 (internal

21   quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on

22   its judicial experience and common sense." <u>Id.</u> at 679.

23        **B.    42 U.S.C. § 1983**

24        In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he

25   suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

26   the violation was proximately caused by a person acting under color of state law. *See* <u>Crumpton v.</u>

27   <u>Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

28   plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

2

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## III.   FACTUAL ALLEGATIONS

While Plaintiff submits a concise complaint, he fails to provide any statement of facts to support his claims against the Defendants.  As such, Plaintiff fails to comply with Fed. R. Civ. P. 8(a).  Nonetheless, the Court has reviewed Plaintiff's complaint which is best summarized as follows:

Plaintiff suffers from spinal stenosis, "cervical surgery," and severe pain. (Doc. 1 at 3-4).  Defendants have denied, and continue to deny him medication for his medical condition. <u>Id</u>. at 4.  Plaintiff concludes that Defendants have acted in a conspiracy to violate his constitutional rights. <u>Id</u>. at 3.

## IV.   DISCUSSION AND ANALYSIS

### A.  <u>Eighth Amendment – Inadequate Medical Care</u>

Plaintiff's claim that Defendants failed to provide relief from his severe pain is most akin to an Eighth Amendment claim of inadequate medical care.  To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  <u>McGuckin</u>, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious

medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff alleges that his spinal stenosis causes him to suffer severe pain. (Doc. 1 at 3). He thus adequately demonstrates that he suffers from serious medical need. McGuckin, 974 F.2d at 1059.  On the other hand, Plaintiff fails to causally link Defendants to any constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  For instance, Plaintiff avers that the Defendants have denied him medication for his stated injury. (Doc. 1 at 4).  Nowhere, however, does Plaintiff aver whether the Defendants were aware of his medical condition or had the ability to assist him in any manner.  In his first amended complaint, Plaintiff must specifically allege how each named Defendant acted with deliberately indifference towards Plaintiff's medical condition.  Therefore, the complaint is **DISMISSED**.

**B.  Title II of the Americans With Disabilities Act**

Plaintiff avers that Defendants have denied him accommodations. (Doc. 1 at 3).  The United States Supreme Court has determined that Title II of the Americans with Disability Act, 42 U.S.C. Section 12131 et seq., which prohibits "public entities" from discriminating against individuals with disabilities because of their disability applies to state prisons and prisoners. See Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 (1998)("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage").  A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial

of benefits, or discrimination was by reason of his disability." <u>Simmons v. Navajo County, Ariz</u>., 609 F.3d 1011, 1021 (9th Cir. 2010).

Plaintiff fails to aver which accommodations, if any, Defendants denied him based on an alleged disability.  In fact, Plaintiff fails to indicate that he was excluded from any program or activity whatsoever.  Most importantly, while Plaintiff avers that he suffers from a severe pain, nowhere does he allege that the he is an individual with a disability.

On the other hand, Plaintiff complains that he was denied medication. (Doc. 1 at 3).  To the extent Plaintiff seeks medication as an "accommodation" for his alleged disability, he is advised that the ADA does not provide a remedy for inadequate medical treatment of a disability. <u>Simmons</u>, 609 F.3d at 1022.  Thus, Plaintiff fails to state a cognizable claim under Title II of the ADA.  Therefore, the claim is **DISMISSED.**

**C.  § 1983 Conspiracy Claim**

In the context of conspiracy claims brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants."  <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  To state such a claim, a plaintiff must show (1) a meeting of the defendants' minds to violate the plaintiff's constitutional rights, and (2) an actual deprivation of the plaintiff's constitutional rights." <u>Fearence v. Schulteis</u>, Case No. 1:08-CV-00615-LJO, 2013 WL 1314038 * 3 (E.D. Cal. 2013).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).  Each defendant is not required to know the exact details of the course of action, "but each participant must at least share the common objective of the conspiracy." <u>Fearance</u>, 2013 WL at 3 (internal citations and quotations omitted).

As noted above, Plaintiff provides no causal link between an actual constitutional violation and the Defendants' actions.  Quite simply, Plaintiff fails to provide any factual support to show a meeting of Defendants' minds to violate the Plaintiff's constitutional right.  Thus, Plaintiff fails to state a cognizable claim.  Therefore, the claim is **DISMISSED**.

///

**V.     LEAVE TO AMEND**

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **<u>Plaintiff must address the deficiencies noted in this Order.  Plaintiff is advised that his failure to do so will result in an order dismissing this action</u>**.

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's first amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). While Plaintiff admirably set forth his original complaint in four pages, he must set forth a statement of the facts in his first amended complaint.  In doing so, however, **<u>Plaintiff's first amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages</u>**.

**ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. The complaint (Doc. 1) is **DISMISSED;**

2. Plaintiff is **GRANTED <u>21 days</u>** from the date of service of this Order, to file a first amended complaint that addresses the deficiencies set forth in this Order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." **<u>The first amended complaint, including any attached exhibits, SHALL NOT exceed 20 pages</u>**;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4.   **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **September 4, 2013**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

7